**SIGNED.**



Dean M. Dinner, #010216
John E. Parzych, #026079
**NUSSBAUM & GILLIS, P.C.**
14500 N. Northsight Blvd, Suite 116
Scottsdale, Arizona 85260
(480) 609-0011
(480) 609-0016 Fax
ddinner@nussbaumgillis.com
jparzych@nussbaumgillis.com

Dated: February 18, 2010

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

_____

*Attorneys for L & M Strategic Investments, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>L & M Strategic Investments, LLC,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 2:08-bk-17994-SSC<br><br>**ORDER CONFIRMING PLAN OF L & M STRATEGIC INVESTMENTS, LLC UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE** |

The Plan of Reorganization of L & M Strategic Investments, LLC, an Arizona limited liability company (the "Debtor") under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), dated May 7, 2009 (the "Plan") and the Debtor's Disclosure Statement for the Plan dated May 11, 2009, as amended (the "Amended Disclosure Statement"), having been approved by Order of this Court dated July 29, 2009 (the "Amended Disclosure Statement Order"), as containing adequate information as such term is defined under § 1125 of the Bankruptcy Code; and it having been determined after hearing on notice that:

1. At least one impaired class of claims has accepted the Plan, to determine without including any acceptance of the Plan by any insider holding a claim of such class;

2. As set forth in the initial Ballot Report filed with the Court, at least 24 secured classes and Class 4, the deficiency unsecured class, voted to accept that Plan and no votes were received under Class 4 rejecting the Plan;

14499-0001/732573

3. Class 5, the general unsecured class, did not receive any votes for or against the Plan and it was determined that there are not any creditors in this class. Pursuant to Section 2.75 of the Plan, Class 5 may be deleted from the Plan;

4. Debtor has complied with all applicable Bankruptcy Code provisions and proposed its Plan in a manner that complies with the Bankruptcy Code;

5. Debtor has proposed the Plan in good faith and not by any means forbidden by law;

6. The Plan provides that all professional fee applications shall be submitted to the Court and approved as reasonable before being authorized for payment;

7. The Plan discloses the officers that propose to serve post-confirmation, together with their compensation. Retention of the officers is in the interest of the creditors and equity security holders and is in accordance with public policy;

8. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor or, to the minimal extent that it does apply, the Debtor has complied sufficiently with such requirements.

9. The Plan provides that each holder of a claim or interest will receive or retain on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date;

10. All creditors who have filed written objections to the Plan have withdrawn their objections on the record and no objections from any creditor to the Plan were presented at the confirmation hearing;

11. The Debtor and a number of secured creditors presented the Court with modifications of the allowed secured claim amounts, the Section 506 amounts, for a number of secured classes. The secured creditors on these classes have either voted in favor of the Plan or agreed through stipulations or on the record during the confirmation hearing to the following allowed secured claim values for each class, to withdraw any objections they had to the Plan, to a 6% interest rate and that such creditors shall otherwise be treated and bound by the terms of the Plan:

///

NUSSBAUM & GILLIS, P.C.
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
480-609-0011

14499-1/732573_2.DOC

NUSSBAUM & GILLIS, P.C.
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
480-609-0011

| Class | Agreed 506 Valuation |
|---|---|
| 3C | 121,052.44 |
| 3D | 150,835.26 |
| 3E | 147,500 |
| 3F | 147,500 |
| 3G | 147,500 |
| 3H | 37,000 |
| 3I | 35,000 |
| 3J | 140,000 |
| 3K | 39,500 |
| 3L | 107,000 |
| 3M | 73,600 |
| 3O | 80,000 |
| 3P | 170,000 |
| 3Q | 250,000 |
| 3R | 280,000 |
| 3S | 58,000 |
| 3T | 50,000 |
| 3U | 95,000 |
| 3V | 48,000 |
| 3W | 90,000 |
| 3X | 75,000 |
| 3Y | 210,000 |
| 3Z | 164,900 |
| 3AA | 95,000 |
| 3BB | 37,000 |
| 3CC | 42,000 |
| 3DD | 70,000 |
| 3EE | 85,000 |
| 3FF | 44,000 |
| 3GG | 250,000 |
| 3HH | 133,000 |
| 3II | 170,000 |
| 3JJ | 170,000 |
| 3KK | 92,500 |
| 3LL | 37,000 |
| 3MM | 85,000 |
| 3NN | 37,000 |
| 3OO | 37,000 |
| 3PP | 85,000 |
| 3QQ | 37,000 |
| 3RR | 110,000 |
| 3SS | 33,000 |
| 3TT | 37,000 |
| 3UU | 37,000 |
| 3VV | 45,000 |
| 3DDD | 70,000 |
| 3EEE | 105,000 |
| 3FFF | 115,000 |
| 3JJJ | 30,000 |
| 3KKK | 35,000 |
| 3MMM | 137,393.80 |
| 3NNN | 65,000 |

14499-1/732573_2.DOC

12. The Debtor submitted the Declaration of Brian Matlock, a member of Matlock Enterprises and Managing Member of the Debtor, in support of confirmation, which declaration is on file with the Court (DE No. 566). Debtor presented additional testimony through Brian Matlock, together with exhibits 1 – 61, which were admitted into evidence at the confirmation hearing on February 2, 2010. Debtor provided evidence with regard to the values of Debtor's properties, except for those properties where adequate protection or stay relief stipulation had already been agreed to by the parties and approved by the Court.

13. Debtor provided testimony regarding the value and treatment of the property in classes 3A, 3B, 3PP, 3GGG, 3LLL. Class 3A has a Section 506 allowed secured claim and value of $126,382.32, which will accrue interest at the rate of 6% per annum and will be payable on a monthly basis in the amount of $809.39. The property at 1556 W Escuda, Phoenix, Arizona, Class 3B, has a Section 506 valuation and allowed secured claim of $118,847.59, which will accrue interest at the rate of 6% per annum and be payable on a monthly basis in the amount of $449.66. The property located 4512 W Butler, Chandler, Arizona, Class 3GGG, has a Section 506 valuation and allowed secured claim of $140,000. The outstanding balance shall accrue interest at the rate of 6% per annum and be amortized over 30 years from the effective date. The property at 1439 E Nielson, Mesa, Arizona, Class 3LLL, has a Section 506 valuation and secured allowed claim in the amount of $60,000 as set forth in the Plan. Except as specifically set forth above, each of the foregoing classes shall be treated in accordance with the terms of the Plan and the creditors shall be bound by the terms of the Plan.

14. The Court finds that the Debtor's Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Debtor's Plan pursuant to 11 U.S.C. §1129(b).

15. The Plan provisions regarding priority claims comply with Section 1129(a)(9).

16. Based upon the declaration of Mr. Matlock, testimony of Mr. Matlock, and the evidence presented, the Plan appears to be feasible and is unlikely to be followed by either a liquidation or the need for further additional financial reorganization.

14499-1/732573_2.DOC

17. The Debtor has filed monthly operating reports and has testified to payment of the US Trustee's fees. The US Trustee did not appear, file an objection or contend otherwise.

18. The section of the Code, 1129(e)(13) dealing with retiree benefits is not applicable to this case.

19. Provisions of Section 1129(a)(14) through (16) are not applicable to this case.

Based upon all the evidence presented and arguments of counsel made at the confirmation hearing, including exhibits 1 – 61 and the entire record of Debtor's Chapter 11 case; and after due deliberation sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that Debtor's Plan of Reorganization as amended by the stipulations that have already been approved by the Court, the stipulations with secured creditors that have been filed with the Court, the modifications of specific secured creditors class treatment set forth on the record during the confirmation hearing, is hereby confirmed;

Attached hereto is a chart setting forth by secured class the allowed secured claim for each secured class each of which shall be amortized over 30 years from the effective date and accrue interest at the rate of 6% per annum unless otherwise specifically agreed to by written stipulations already approved by the Court or, as in the case of Classes 3A and 3B, as set forth on the record;

**IT IS FURTHER ORDERED** that the Debtor will be known as L & M Strategic Investments, LLC, an Arizona limited liability company (the "Reorganized Debtor");

**IT IS FURTHER ORDERED** that except as otherwise provided in § 1141 of the Bankruptcy Code or in the Plan, this Order Confirming Plan discharges the Debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in 11 U.S.C. § 502(g), 502(h), or 502(i);

**IT IS FURTHER ORDERED** that in the event the Reorganized Debtor defaults on payments required under the Plan to a secured creditor, that the secured creditor shall be entitled to pursue its state law remedies against the subject property, including rents, issues and profits therefrom in a non-bankruptcy forum provided, however, that the secured creditor shall first provide the Reorganized Debtor with written notice of the default by certified mail (the "Notice")

5

14499-1/732573_2.DOC

and Reorganized Debtor shall have thirty (30) days after receipt of the Notice in which to cure such payment default;

**IT IS FURTHER ORDERED** that Section 10.04 of the Plan is modified and the Reorganized Debtor shall maintain property insurance on all real property retained by it under the Plan. Such property insurance shall be in an amount not less than the amount of the Allowed Secured Claim owed to the secured creditor on a property and shall name the secured creditor as an additional loss payee;

**IT IS FURTHER ORDERED** that the Reorganized Debtor shall maintain liability insurance in an amount of not less than one million dollars ($1,000,000) and that in the event the Reorganized Debtor fails to maintain the insurance, then the secured creditor shall have the right to force place insurance, adding such amount to the principal obligation owed to the creditor.

**IT IS FURTHER ORDERED** that the creditor shall notify the Reorganized Debtor in writing, by certified mail, of Reorganized Debtor's default on such insurance provisions (the "Insurance Default Notice"). If the Reorganized Debtor fails to cure the insurance default within thirty (30) days after receipt of the Insurance Default Notice, then the secured creditor shall have the right to pursue its remedies against the subject property, including rents, issues, and profits therefrom in a non-bankruptcy forum.

**IT IS HEREBY ORDERED** that this Order Confirming Plan discharges the Debtor from the debts as provided in 11 U.S.C. § 1141 and 11 U.S.C. § 524.

**IT IS HEREBY ORDERED** that the Debtor and each of the creditors are bound by and shall abide by the terms of the Plan.

**DATED AND SIGNED ABOVE**

**NUSSBAUM & GILLIS, P.C.**
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
480-609-0011

14499-1/732573_2.DOC

NUSSBAUM & GILLIS, P.C.
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
480-609-0011

| Class | Agreed 506 Valuation |
|---|---|
| 3C | 121,052.44 |
| 3D | 150,835.26 |
| 3E | 147,500 |
| 3F | 147,500 |
| 3G | 147,500 |
| 3H | 37,000 |
| 3I | 35,000 |
| 3J | 140,000 |
| 3K | 39,500 |
| 3L | 107,000 |
| 3M | 73,600 |
| 3O | 80,000 |
| 3P | 170,000 |
| 3Q | 250,000 |
| 3R | 280,000 |
| 3S | 58,000 |
| 3T | 50,000 |
| 3U | 95,000 |
| 3V | 48,000 |
| 3W | 90,000 |
| 3X | 75,000 |
| 3Y | 210,000 |
| 3Z | 164,900 |
| 3AA | 95,000 |
| 3BB | 37,000 |
| 3CC | 42,000 |
| 3DD | 70,000 |
| 3EE | 85,000 |
| 3FF | 44,000 |
| 3GG | 250,000 |
| 3HH | 133,000 |
| 3II | 170,000 |
| 3JJ | 170,000 |
| 3KK | 92,500 |
| 3LL | 37,000 |
| 3MM | 85,000 |
| 3NN | 37,000 |
| 3OO | 37,000 |
| 3PP | 85,000 |
| 3QQ | 37,000 |
| 3RR | 110,000 |
| 3SS | 33,000 |
| 3TT | 37,000 |
| 3UU | 37,000 |
| 3VV | 45,000 |
| 3WW | 150,000 |
| 3XX | 185,000 |
| 3YY | 42,000 |
| 3ZZ | 75,000 |
| 3AAA | 138,214.51 |
| 3BBB | 37,000 |
| 3CCC | 55,000 |

14499-1/732573_2.DOC

| | |
|---|---|
| 3DDD | 70,000 |
| 3EEE | 105,000 |
| 3FFF | 115,000 |
| 3GGG | 140,000 |
| 3HHH | 33,000 |
| 3III | 80,000 |
| 3JJJ | 30,000 |
| 3KKK | 35,000 |
| 3LLL | 60,000 |
| 3MMM | 137,393.80 |
| 3NNN | 65,000 |

**NUSSBAUM & GILLIS, P.C.**
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
480-609-0011

14499-1/732573_2.DOC